

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–0125–14

### VERA ELIZABETH GUTHRIE-NAIL, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

**MEYERS, J.,** filed a dissenting opinion.

### DISSENTING OPINION

In the majority's eagerness to allow the trial judge in this case to alter his previous properly entered judgment, the majority has now carved out an exception to the *nunc pro tunc* law, which has traditionally been used only to correct a clerical error. In the process, the majority has also established the precedent that a deadly-weapon finding can be entered for an inchoate crime of conspiracy. This is exactly what the majority did in *Wehrenberg v. State*, 416 S.W.3d 458 (Tex. Crim. App. 2013), where we allowed

authorities to use the independent-source doctrine and swear out a warrant based on a prediction of a future crime. The main problem is that we are now saying that a deadly-weapon finding can be entered upon conviction for conspiracy to commit an offense. Conspiracy is not a crime which, by necessity, employs a deadly weapon and the judge in this case entered "N/A" for the deadly-weapon finding. As Appellant raised in her petition for discretionary review, there is no evidence that she used or exhibited a deadly weapon during the commission of the conspiracy.

Had Appellant pled guilty as a party to the capital murder committed by Mark Lyle Bell, then perhaps a deadly-weapon finding could have been assumed based on the nature of the crime, but that did not occur here. The commission of the capital murder is a completely separate crime from the conspiracy to commit capital murder. Thus, while the court of appeals is correct that a judge may enter a deadly-weapon finding based upon a guilty plea for a crime which, by necessity, employs a deadly weapon, conspiracy is not such a crime, and the point is moot.

The majority tries to justify the ability to now have a deadly-weapon finding for conspiracy by quoting Code of Criminal Procedure article 42.12 section 3g(a)(2), which refers to the defendant being a party to the crime during which the deadly weapon was used or displayed. Obviously, in this case, the defendant did not plead guilty to that crime, only to the conspiracy. In fact, the State waived the charge that could have possibly made the defendant a party to the offense involving the deadly weapon.

Even if a conspiracy conviction could warrant a deadly-weapon finding, *nunc pro tunc* should be used only to correct a clerical error. The judgment actually rendered in this case was not incorrect or invalid without the deadly-weapon finding. As such, the omission of the finding was not a clerical error that would properly be corrected with a judgment *nunc pro tunc*. For example, if a jury returns a sentence of 25 years but the judgment is incorrectly entered as a sentence of 15 years, then a judgment *nunc pro tunc* could correct the judgment to reflect the sentence actually returned by the jury. Here, however, there was no mistake to correct. The judge clearly did not make an affirmative deadly-weapon finding at the time the judgment was entered, and a judgment *nunc pro tunc* cannot serve to change a properly entered judgment.

Although the majority admits that the record in this case "more readily supports the lack of an affirmative finding than the existence of one" the majority again comes to the rescue of the State and remands this case for a hearing. The majority failed to recognize that a deadly-weapon finding is not even allowed in a conspiracy case such as this.[1] I would conclude that the court of appeals erred in holding that, based upon Appellant's plea of guilty to the conspiracy offense as alleged in the indictment, the trial court

---

[1]This isn't rocket surgery, but unfortunately even the other dissents are oblivious to the true nature of this case. No one realizes that you simply cannot have a deadly-weapon finding in this type of conspiracy case and that you cannot use a judgment *nunc pro tunc* to later add a deadly-weapon finding to an already accurate judgment. These dissenting judges are just angry because the majority has decided to rearrange the deck chairs before the ship goes down. By the time this is over with, this defendant will be the first in the State of Texas to get a deadly-weapon finding upon conviction for a crime of conspiracy.

necessarily found that Appellant used a deadly weapon during that offense.  Therefore, I respectfully dissent.

Filed: September 16, 2015
Publish